FILED

1  Michael S. Agruss (SBN: 259567)
   AGRUSS LAW FIRM, LLC
2  22 W. Washington Street, Suite 1500
   Chicago, IL 60602
3  Tel: 312-224-4695
   Fax: 312-253-4451
4  michael@agrusslawfirm.com
   Attorney for Plaintiff,
5  BLANCA VALENZUELA

2013 OCT 30  PM 12: 28

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

6

7

8

9                    **UNITED STATES DISTRICT COURT**
                     **CENTRAL DISTRICT OF CALIFORNIA**
10                          **EASTERN DIVISION**

11  BLANCA VALENZUELA,    ED CV 13 - 01972 FMO SPx

12          Plaintiff,              ) **Case No.:**
13      v.                          )
                                    )
14  DYNAMIC RECOVERY SOLUTIONS,     ) **PLAINTIFF'S COMPLAINT**
    LLC,                            )
15                                  )
                                    )
16          Defendant.              )
                                    )
17                                  )

18                    **PLAINTIFF'S COMPLAINT**

19      Plaintiff, BLANCA VALENZUELA ("Plaintiff"), through her attorney, AGRUSS LAW

20  FIRM, LLC, alleges the following against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC

21  ("Defendant"):

22                          **INTRODUCTION**

23
24  1.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C.

25      1692 et seq. ("FDCPA").

26  2.  Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices

27      Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

28

                                        1

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the City of San Jacinto, Riverside County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

10. Within the last year, Defendant sought to collect an alleged consumer debt from Plaintiff.

11. Defendant is a collection agency headquartered in Greenville, South Carolina.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

2

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Plaintiff allegedly owes an unpaid balance originating from a Heilig Meyers Furniture account, Defendant's Account #: 2013045022840.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

20. Plaintiff's alleged debt is approximately twelve-years-old.

21. Pursuant to the California Code of Civil Procedure §337, the statute of limitations on debt arising from a written contract is four years.

22. Within in the last year, Defendant was hired to collect on the alleged debt.

23. On or about July 10, 2013, Defendant called Plaintiff's husband at his place of employment in an attempt to collect on the account.

24. During the above-mentioned conversation, Plaintiff's husband spoke with Defendant's collector, Terry Moetes.

25. Terry Moetes told Plaintiff's husband that Plaintiff had five days to pay the alleged debt or else Defendant would put a lien on Plaintiff's house or garnish Plaintiff's husband's wages.

26. Defendant has no standing to place a lien on Plaintiff's property.

3

27. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that they pursue legal action.

28. The representations made to Plaintiff by Defendant regarding placing a lien on Plaintiff's property were false.

29. Terry Moetes also told Plaintiff's husband that Plaintiff had five days to pay the alleged debt or else Defendant would garnish Plaintiff's husband's wages.

30. Defendant has no standing to garnish Plaintiff's husband's wages.

31. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that they pursue legal action.

32. The representations made to Plaintiff by Defendant regarding garnishing Plaintiff's husband's wages were false.

33. Defendant placing collection calls from 866-625-8973, a telephone number belonging to Defendant.

34. On or around July 22, 2013, Plaintiff called Defendant and spoke with a woman collector.

35. Plaintiff asked the woman collector for documentation regarding the alleged debt.

36. The woman collector told Plaintiff that Defendant would not send any documentation to Plaintiff regarding the alleged debt until Plaintiff agreed to make a payment.

37. Despite this, Defendant sent Plaintiff a collection letter on September 6, 2013.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

38. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural

4

consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

b. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

c. Defendant violated §1692e(4) of the FDCPA by representing that nonpayment of Plaintiff's debt would result in garnishment of Plaintiff's husband's waged and a lien on Plaintiff's home;

d. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

e. Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

f. Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

39. Defendant's acts as described above were done intentionally with the purpose of harassing Plaintiff.

40. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

WHEREFORE, Plaintiff, BLANCA VALENZUELA, respectfully requests judgment be entered against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, for the following:

41. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

42. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

43. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff repeats and realleges paragraphs 1-37 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

45. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.10(e) of the RFDCPA by threatening that nonpayment of Plaintiff's debt would result in garnishment of Plaintiff's husband's wages and a lien on Plaintiff's home;

    b. Defendant violated the §1788.13(j) of the RFDCPA by falsely representing that a legal proceeding will be instituted unless payment of a consumer debt is made; and

    c. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

WHEREFORE, Plaintiff, BLANCA VALENZUELA, respectfully requests judgment be entered against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, for the following:

46. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

47. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

48. Any other relief that this Honorable Court deems appropriate.

///

///

///

///

RESPECTFULLY SUBMITTED,

DATED: October 30, 2013

AGRUSS LAW FIRM, LLC

By:

Michael S. Agruss
Attorney for Plaintiff
BLANCA VALENZUELA

7